# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS

In re: } Case No. **16-70005**
**Terry Dwayne Fogarty** }
**Heather Diane Fogarty** }
 }
Debtor(s) } (Chapter 13)

## DEBTOR(S)' CHAPTER 13 PLAN [   ] AMENDED PLAN
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

### Plan Summary

A. The Debtor's Plan payment is scheduled at **1,500.00*** per month [☐ Pay Order, ■ Direct Pay] for **60** months. The gross amount to be paid into the Plan is **198,080.00**.

B. The Plan proposes to pay in full all allowed priority, special class, and secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section III hereof, and approximately **3** % of the unsecured allowed claims. **THIS PLAN DOES NOT ALLOW CLAIMS**. **You must file a proof of claim to receive distributions under any Plan that may be confirmed.**

C. The value of Debtor's non-exempt assets is $ **0.00**.

D. Debtor's current monthly income of $ **5,310.42**, less monthly expenses of $ **3,610.42** equals $ **1,700.00** which is the amount available monthly for the Plan.

E. The total amount to be paid into the Plan shall be increased for tax refunds as set forth in the Standing Order for Chapter 13 Case Administration in this Division. These additional receipts shall be disbursed according to the provisions of the Plan.

### Plan Provisions

#### I. Vesting of Estate Property

Upon confirmation of the Plan, all property of the estate ~~shall~~ (shall not) vest in the Debtor, and shall ~~(shall not)~~ remain as property of the estate subject to the automatic stay of 11 U.S.C. Section 362.

#### II. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. Section 1322(b)(7) of the Bankruptcy Code, Debtor hereby elects to assume the following executory contracts, if any:

| Other Party | Description of Contract or Lease |
|---|---|
| **Jeremy Jones** | **Rental Agreement** |

Pursuant to 11 U.S.C. Section 1322(b)(7) of the Bankruptcy Code, Debtor hereby elects to reject the following executory contracts, if any:

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

#### III. Specific Treatment for Payment of Allowed Claims

**1. Direct Payments by Debtor to Creditors; Surrender of Collateral.**

    A. Debtor shall pay the following creditors directly:

| Creditor | Remarks | Debt Amount | Monthly Payment |
|---|---|---|---|
| **-NONE-** | | | |

    B. Debtor shall surrender the following collateral:

| Creditor | Remarks | Debt Amount | Collateral Surrendered |
|---|---|---|---|
| **-NONE-** | | | |

## 2. Payments by Trustee.

    A. Administrative Expenses (including attorney's fees):

*The Trustee shall receive up to 10% of all sums received.*

| Creditor | Estimated Amount of Debt | Payment Method<br>1. Before<br>2. After<br>3. Along with secured creditors | Remarks |
|---|---|---|---|
| **Dorothy Kathleen Lawrence, Partner, Law Solutions** | **2,100.00** | **3. Along With** | **Attorney Fees** |

    B. Arrearage Claims - Direct Pay Creditors:

| Creditor/Collateral | Est. Claim | Est. Value Of Collateral | Mo. Pmt. or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

    C. Secured Creditors; **MOTIONS TO VALUE COLLATERAL:**

    The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in this Section, plus interest thereon at the rate specified in this Plan. **Failure of the secured creditor to object to the Plan will be deemed acceptance of the Plan under 11 U.S.C. Section 1325 (a)(5)(A).** Except for secured claims for which provision is made to pay the full amount of the claim notwithstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section III(2)(E).

    Unless otherwise ordered by the Court upon objection to the Plan, the payments provided herein for secured creditors shall be deemed to provide adequate protection to such creditors during the term of the Plan.

    Debtor moves to value collateral described below in the amounts indicated. Debtor affirms that the values as stated in the Plan for the secured debt are accurate and to the best of Debtor's knowledge represent the replacement value, pursuant to 11 U.S.C. Section 506 (a)(2), of the assets held for collateral.

    Objections to Valuation of collateral proposed by this plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor/Collateral | Est. Claim | Est. Value Of Collateral | Monthly Payment | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks |
|---|---|---|---|---|---|---|
| **Ally Financial**<br>**2015 Nissan Murano** | **47,658.18** | **47,658.18** | **Prorata** | **5.00** | **53,552.97** | |
| **Conns Appliances Inc**<br>**Household furnishings** | **3,644.51** | **3,195.00** | **Prorata** | **5.25** | **3,685.19** | |
| **Esb/harley Davidson Cr**<br>**2015 Harley Davidson** | **11,266.53** | **10,981.00** | **Prorata** | **5.25** | **12,666.44** | |
| **Exeter Finance Corp**<br>**2009 VW Beetle 75000 miles** | **10,150.00** | **4,217.00** | **Prorata** | **5.25** | **11,707.27** | |

| Creditor/Collateral | Est. Claim | Est. Value Of Collateral | Monthly Payment | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks |
|---|---|---|---|---|---|---|
| **Model Finance Company**<br>**2015 Kawasaki Jet Ski** | **11,482.00** | **11,482.00** | **Prorata** | **5.25** | **13,243.67** | |
| **Snap-on Credit Llc**<br>**Various tools** | **9,562.94** | **9,562.94** | **Prorata** | **5.25** | **11,030.17** | |
| **Velocity Credit Union**<br>**2015 Dodge Ram** | **48,166.00** | **48,166.00** | **Prorata** | **5.00** | **55,173.80** | |
| **Westlake Fin**<br>**2014 Kawasaki Jetski** | **11,898.00** | **11,898.00** | **Prorata** | **5.25** | **13,723.50** | |

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C. Section 1328. In addition, if this case is dismissed or converted without completion of the Plan, such liens shall also be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

D. Priority Creditors:

| Creditor | Estimated Amount of Debt | Payment Method<br>1. Before<br>2. After<br>3. Along with<br>   Secured creditors | Remarks |
|---|---|---|---|
| **-NONE-** | | | |

E. General Unsecured Creditors (including claims from rejection of contracts, leases, and contracts for deed):

Unless otherwise provided below, payments to creditors with allowed general unsecured claims shall be made on a pro rata basis as funds become available after payment of other creditors. It is estimated that distribution to the general unsecured creditors will commence in the __60__ month of the Plan.

F. Cure claims on Assumed Executory Contracts, Contracts for Deed, and Leases:

| Creditor | Estimated Amount Of Debt | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| **Esb/harley Davidson Cr** | **284.95** | **Prorata** | |

**TOTALS:**

| | |
|---|---:|
| **Administrative Claims** | 2,100.00 |
| **Arrearage Claims** | 0.00 |
| **Secured Claims** | 152,186.52 |
| **Priority Claims** | 0.00 |
| **Unsecured Claims** | 37,339.46 |
| **Cure Claims** | 284.95 |

    G. Supplemental Plan Provisions:

        (1). **MOTION TO AVOID LIENS UNDER 11 U.S.C. SECTION 522(f):**

Debtor moves to avoid the following liens that impair exemptions. Objections to Lien Avoidance as proposed in this Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan. If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section III(2)(E).

*Debtor must list the specific exempt property said lien impairs and the basis of the lien, e.g., judicial, nonpurchase-money security interest, etc.*

| Creditor | Property Subject to Lien | Amount of Lien to be Avoided | Remarks |
|---|---|---|---|
| **-NONE-** | | | |

        (2). Secured claims not otherwise provided for herein:

In the event a creditor timely files a proof of claim that evidences a perfected security interest in collateral, which claim and collateral were not dealt with elsewhere herein, the collateral shall be deemed valued by the Court and the claim shall be paid at the amount set forth in the Trustee's Recommendation Concerning Claims, unless a response is timely filed to such Recommendation. The interest rate to be paid on any such claim shall be ____% per annum.

        (3). The following additional Supplemental Plan Provisions:

**\*The plan is a step plan or has lumpsum payments which will pay as follows: $1,500.00 per month for 3 months, then $2,000.00 per month for 5 months, then $2,500.00 per month for 5 months, then $3,640.00 per month for 47 months**
**Plan:**

**60 Month Variable Plan**

**Plan Payments:**

1-3  $1,500.00
4-8  $2,000.00
9-13  $2,500.00
14-60  $3,640.00

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

## IV. General Information

> **Notice:** Local Rule 3002 provides, in part:
>
> *"Every Creditor filing a Proof of Claim in all cases shall transmit a copy with attachments, if any, to the Debtor's Attorney (or the Debtor, if the Debtor is pro se) and the Trustee appointed in the case."*

A. Use of the singular word "Debtor" in this Plan includes the plural in a joint case.

B. **Creditors are hereby notified that WITHOUT FURTHER NOTICE** the Plan may be amended at the Meeting of Creditors. Any amendment may affect your status as a creditor. Debtor's estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information is an attempt to advise creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other actions as may be appropriate under the circumstances.

C. For information on deadlines for filing proofs of claims, creditors are referred to the Federal Rules of Bankruptcy Procedure, the local bankruptcy rules for the Western District of Texas, and the Standing Order for Chapter 13 Case Administration in this Division.

D. The deadline for filing objections to confirmation is ten (10) days prior to the confirmation hearing. More detailed information is on file at the office of the United States Bankruptcy Clerk in Midland, Texas. Local bankruptcy rules and the Standing Order for Chapter 13 Case Administration are available at the United States Bankruptcy Clerk's office and online at www.txwb.uscourts.gov.

Respectfully submitted     **April 3, 2016**     .

| | |
|---|---|
| **Terry Dwayne Fogarty** | **Heather Diane Fogarty** |
| Debtor | Co-Debtor |
| Address | Address |
| **1407 Oldcourse** | **1407 Oldcourse** |
| **Odessa, TX 79765** | **Odessa, TX 79765** |

**Dorothy Kathleen Lawrence, Partner, Law Solutions**
Attorney for Debtor
Address/Phone & Fax Number
**Allen Chern Law LLC**
**701 W. Highway 290, Suite 101**
**Dripping Springs, TX 78620**
**512-699-5632 Fax:512-369-3535**

## CERTIFICATE OF SERVICE

**This amended plan was served on the attached matrix on April 4, 2016.**